**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50394 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00902-JLS |
| v. | |
| SCOTT HOWARD KIMBALL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Scott Howard Kimball appeals his jury-trial conviction and 168-month sentence for inference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1951. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Following his conviction, Kimball moved for a new trial under Federal Rule of Criminal Procedure 33, arguing that his trial counsel had been ineffective. The district court denied the motion, concluding that, while the record was insufficiently developed as to whether counsel had performed deficiently, Kimball had failed to show prejudice from the allegedly deficient performance. We review this conclusion de novo. *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1260 (9th Cir. 2005).

As an initial matter, we reject the government's argument that the record is insufficiently developed to permit determination of Kimball's ineffective assistance claim on direct appeal. As the district court concluded, the record is sufficiently developed to show that, even if counsel's performance was deficient, it did not prejudice Kimball. *See id.* at 1261 (rejecting ineffective assistance of counsel claim on direct appeal because, assuming counsel performed deficiently, there was no prejudice to defendant). The testimony that Kimball alleges should have been presented would have been cumulative and would not have changed the outcome at trial, given the other evidence in the record. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (to demonstrate prejudice for purposes of an ineffective assistance claim, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Kimball also contends that his sentence is substantively unreasonable in light of his age and personal characteristics, the facts of the offense, the disparity between his sentence and the sentence received by his co-defendant, and the length of his previous sentences. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Kimball's substantial criminal history. *See Gall*, 552 U.S. at 51; *see also United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (a sentencing disparity that results from one defendant's cooperation is not unwarranted).

**AFFIRMED.**